UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES

REPORT AND RECOMMENDATION OF SPECIAL MASTER

---------------------------------------------------------- x

1:24-MC-03415-BMC-JAM

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE CONFLICT ID NUMBER:

146552 (DOUGLAS AUTOMOTIVE GROUP).

1:26-MC-04199-BMC-JAM

---------------------------------------------------------- x

**Parties and Representatives**:

Claims Compensation Bureau ("CCB")
Amanda Bender
130 Corporate Blvd.
Norfolk, VA 23502
(610) 834-9010
analyst@claimscompensation.com
Representative of CCB

MCAG, Inc. ("MCAG")
Sue Sagman
7150 Granite Circle
Toledo, OH 43617
(800) 355-0466
sue.sagman@mcaginc.com
Representative of MCAG

Rule 23(b)(3) Class Plaintiffs (the "Class")
Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

I. Background

CCB and MCAG have both registered with the Class Administrator to claim a share of the proceeds of the settlement fund in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation*, Dkt. no. 05-MD-1720 (E.D.N.Y.) ("*MDL 1720*") arising out of the payment card transactions of Douglas Automotive Group ("DAG"), which has a Taxpayer Identification Number ("TIN") ending in 9042.[1] Class Action Refund LLC ("CAR") also registered the same TIN but has since withdrawn its registration. Each registrant is a TPF that has signed a claim filing service agreement with DAG (under varying business names associated with DAG's TIN but in each case signed by DAG's President William Douglas).[2] DAG has not responded to any notices about the instant conflict and has not specified the TPF it now authorizes to act as its claim filing agent. I respectfully recommend that the Court direct the Class Administrator to withdraw both registrations without prejudice to either registrant's right to refile its registration with a Merchant Third-Party Authorization Form ("MAF") completed by and authorized representative of DAG authorizing the registrant to serve as DAG's agent.

The record before me includes the following documents:

---

[1] Before submitting a claim to receive the settlement proceeds corresponding to the payment card transactions of a merchant member of the Rule 23(b)(3) Settlement Class, a party must first register that merchant's TIN with the Class Administrator. The registrant must provide proof that it is the owner (or authorized representative of the owner) of the claim corresponding to that TIN. In the absence of supporting documentation, this requirement can also be satisfied by providing the Claimant ID and Control Number printed on the original prepopulated claim forms that were mailed to known class members. Once the registrant establishes such authority, the Class Administrator updates the registrant's status to "approved." If there is only one approved registrant for a given TIN, the registrant may submit a claim for that TIN. Where multiple parties have registered the same TIN, the Class Administrator designates the TIN as being in "conflict" and does not permit any registrant to submit a claim until the conflict is resolved.

[2] A TPF is a business that enters into agreements with merchants to register and prosecute their claims of settlement funds in exchange for a portion of the merchants' recovery. *See MDL 1720*, 2014 WL 4966072, at *4 (E.D.N.Y. Oct. 3, 2014).

- Agreement dated July 15, 2015, between MCAG and Saint Pete Powersports (using the same TIN ending in 9042 associated with DAG), signed by President and Owner William Douglas;
- Claim Service Agreement dated November 16, 2015, between CCB and Douglas Automotive Group fka St. Pete Jeep (using the same TIN ending in 9042 associated with DAG), signed by President William Douglas;
- Class Administrator's Conflict Notice dated April 5, 2024;
- Email dated May 3, 2024, from CCB to Class Administrator seeking extension;
- Emails dated May 6-7, 2024, concerning the withdrawal of CAR's registration;
- Email dated December 2, 2025, from CCB to Class Administrator seeking Special Master's review, including an attached spreadsheet listing all conflicts as to which CCB seeks such review;
- Class Administrator's Appeal Notice dated December 12, 2025;
- Letter dated January 22, 2026, from CCB to Class Administrator; and
- Class Administrator's Special Master Review Notification dated August 24, 2026 ("CA 8/24/26").

II. Analysis

DAG has authorized both CCB and MCAG to act as its claim filing agent, and both have registered DAG's TIN. The Class Administrator can process only one of those registrations. None of the TPFs has an inherent advantage in this conflict – each has entered into what appears to be a facially valid agency agreement with DAG.

In light of those conflicting agreements, the Class Administrator has not yet processed or withdrawn any party's registration of DAG's TIN. On December 2, 2025, CCB sought my review of the matter. On December 12, 2025, the Class Administrator sent CAR, CCB, and MCAG a Special Master Review Notification reporting the request for review and affording each of the parties an opportunity to submit within thirty days "any information or documentation you want the Special Master to consider that supports your position." None of the parties submitted

anything further to me by the stated deadline. On January 22, 2026, CCB sent a letter to the Class Administrator reiterating its view that it is DAG's authorized agent, citing its 2015 agreement with DAG. CCB also referred to unspecified "email communications stating CCB's authorization" but did not provide copies of such emails.

On August 24, 2026 (by which time CAR had withdrawn its registration), the Class Administrator sent CCB and MCAG a Special Master Review Notification advising that the conflict remained unresolved. The notice explained that "in order to proceed, the Special Master has requested a Merchant Authorization Form (available here [with a hyperlink to the form]), authorizing a single, specific representative with authority to act on the Merchant's behalf[.]" CA 8/24/26. The notice further cautioned the registrants that if none of them fulfilled that requirement within thirty days, both of their registrations would be withdrawn. *See id*. Neither TPF has responded by submitting a valid, completed MAF.

In setting deadlines and specifying the filing requirements described above, the Class Administrator implemented conflict resolution procedures that I have developed, working in conjunction with the Class Administrator, to protect class members' rights. The Court has explicitly authorized me to institute such dispute-resolution procedures. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMA-JAM, Doc. 3, ¶ 2 ("Subject to the procedures set forth herein, the Special Master shall have discretion to determine the appropriate procedures for resolution of all matters within his or her appointment and shall have the authority to take all appropriate measures to perform the assigned duties.").

The MAF requirement reflects my view that where multiple parties register the same TIN, the existence of a prior contract between a merchant and a TPF is not a sufficient basis to process any of those registrations. On the other hand, the submission of a valid, completed MAF

is a sufficient basis to do so because it is blackletter law that a principal generally has the power to revoke an agent's authority, regardless of the existence of any contract between the two under which that revocation may constitute a breach. *See*, *e.g.*, *United Ins. Co. v. World Wide Web*, 2011 WL 1870599, at *2-3 (E.D.N.Y. Apr. 27, 2011) ("a principal has an inviolate right to revoke its agency at any time[;]" if "in doing so, the principal violates its obligations to the agent under their contract, the agent retains the legal recourse of bringing a breach of contract claim") (citing cases), *report and recommendation adopted* 2011 WL 1843280 (E.D.N.Y. May 16, 2011); Restatement (Third) Of Agency § 3.06 (2006).[3] Thus, in cases where a merchant has appointed multiple claim filing agents, the MAF requirement empowers the merchant to resolve the conflict by exercising its power to revoke the agency of any TPF it no longer wishes to act on its behalf.

The requirement further reflects my concern that allowing multiple registrations to proceed on the basis of overlapping TPF appointments would be unworkable. It would risk delay, double payment, and an improper diminution of the funds available to other merchants.

Where a merchant is notified of the kind of conflict present here and fails to select a preferred agent, I conclude that the best course of action is to direct the Class Administrator to withdraw all registrations without prejudice to renewal upon the submission of a valid, completed MAF. Such a resolution incentivizes each TPF to renew its efforts to communicate with the merchant and incentivizes the merchant to make a selection. If the merchant is defunct

[3] The general rule does not apply when the agent's authority is a "power given as a security." *See*, *e.g.*, *Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 95 F.3d 291, 300 (3d Cir. 1996). However, a merchant's claim filing agreement with a TPF does not create such a power; it creates no more than a revocable agency relationship. *See* Restatement (Third) Of Agency § 3.12, illus. 4 (2006) (patent filing agent who will receive a share of the profits does not hold a power given as security).

or otherwise unable to work with an agent to prosecute a claim, the resolution I propose avoids the need for any TPF to engage in needless work to prosecute the merchant's claim. It also avoids depleting the settlement fund by making a payment that belongs in the first instance to the merchant but that the merchant is unable to accept. Making such a payment to a defunct merchant's previously appointed TPF (who is not a class member) would give settlement funds to the TPF for performing work that cannot benefit a merchant member of the class.

## III. Recommendation

For the reasons set forth above, I respectfully recommend that the Court direct the Class Administrator to withdraw the registrations of both CCB and MCAG without prejudice to either registrant's right to refile its registration with a valid, completed MAF authorizing the registrant to serve as DAG's agent.

## IV. Objections

This Report and Recommendation will be served on CCB and MCAG via the Court's ECF system, and the Class Administrator will also promptly provide a copy to both. Any interested party shall have 21 days from today's date to file objections to the Special Master's report and recommendation with the Court. Such objections should be filed only on the dispute-specific miscellaneous docket (1:26-MC-04199-BMC-JAM). Any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be filed without the Court's permission. If any party objects to this Report and Recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the Special

Master's reports and recommendations *de novo*. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMC-JAM, Doc. 3, ¶ 4.

Dated: October 16, 2026

*/s/ James Orenstein*
Special Master